**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ELIAS ALEXANDER LOPEZ-
ESTEBAN,

               Petitioner,

  v.

ERIC H. HOLDER, Jr., Attorney General,

               Respondent.

No. 08-74968

Agency No. A099-516-385

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

     Elias Alexander Lopez-Esteban, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and protection under the Convention Against

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, including due process claims, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence factual findings, *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

We reject Lopez-Esteban's claim that he is eligible for asylum and withholding of removal based on his anti-gang political opinion or membership in a particular social group. *See Ramos-Lopez v. Holder*, 563 F.3d 855, 860-62 (9th Cir. 2009) (concluding young Honduran men who are recruited by gangs and refuse to join does not constitute a social group, and refusal to join gangs is not a political opinion); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Accordingly, because Lopez-Esteban failed to demonstrate he was or will be persecuted on account of a protected ground, we deny the petition as to his asylum and withholding of removal claims. *See Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009).

Substantial evidence supports the agency's denial of CAT relief because Lopez-Esteban failed to show it is more likely than not that he would be tortured if returned to El Salvador. *See Santos-Lemus*, 542 F.3d at 747-48. Lopez-Esteban's contention that the BIA applied the wrong standard when considering his CAT claim lacks merit. *See INS v. Cardoza-Fonseca*, 480 U.S. 421, 430 (1987) (equating "clear probability" with "more likely than not").

Lopez-Esteban's due process claim fails because there are no indications the proceedings before the IJ denied Lopez-Esteban a full and fair opportunity to present his case. *See Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926-27 (9th Cir. 2007).

Finally, Lopez-Esteban contends the IJ failed to advise him of the availability of pre-hearing voluntary departure, and the IJ did not allow him to apply for pre or post-hearing voluntary departure. We lack jurisdiction to consider these claims because Lopez-Esteban failed to exhaust them before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**